Ruben A. Castellon (SBN 154610)
STANZLER, FUNDERBURK & CASTELLON LLP
180 Montgomery Street, Suite 1700
San Francisco, California 94104
Telephone:  (415) 677-1450
Facsimile:  (415) 677-1476

Attorneys for Defendants
PACIFIC STATES INDUSTRIES, INC. and
NORTH CLOVERDALE BLVD., LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSIAN RIVERKEEPER, a non-profit public benefit corporation organized under the laws of the State of California,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC STATES INDUSTRIES, INC., NORTH CLOVERDALE BLVD., LLC,<br><br>　　　　　　Defendants. | Case No. 3:07-cv-05393<br><br>**DEFENDANTS PACIFIC STATES INDUSTRIES, INC. AND NORTH CLOVERDALE BLVD., LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES**<br><br>Complaint Filed:  October 22, 2007 |

　　　　Defendants Pacific States Industries, Inc. and North Cloverdale Blvd., LLC (hereinafter "defendants") answer the First Amended Complaint ("Complaint") of Russian Riverkeeper (hereinafter "plaintiff") by admitting, alleging and denying as follows:

### GENERAL DENIAL

　　　　Except as expressly admitted herein, defendants deny each and every allegation in the Complaint.

### JURISDICTION AND VENUE

　　　　1.　　In response to paragraphs 1 and 2 of part I of the complaint, defendants admit that this is a civil suit brought under the citizen suit enforcement provisions of the Federal

1
**DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT**

Water Pollution Control Act pursuant to 33 U.S.C. §1251, et seq. (The "Clean Water Act" or the "Act"). Defendants deny all other allegations.

2. Defendants admit that the venue alleged in paragraph 3 is proper.

3. In response to paragraph 4 of part I of the complaint, defendants admit that by letter dated August 16, 2007, plaintiff sent defendants a letter regarding the defendants' alleged violation of the Act. However, defendants assert that plaintiff did not provide sufficient notice of any alleged violations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and on that basis, the allegations are denied.

4. Defendants admit that more than sixty days have passed since plaintiff sent its August 16, 2007 letter to defendants. However, the allegations contained in Paragraphs 5 contain legal assertions to which no response is required.

### PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6-9, and on that basis, the allegations are denied.

6. In response to paragraph 10 of part II of the complaint, defendants admit.

7. In response to paragraph 11 of part II of the complaint, defendants admit that Pacific States is doing business as "Redwood Empire" and/or "Redwood Empire Sawmill" and maintains offices at 2 West Santa Clara Street, 9th Floor, San Jose, California; that Pacific States is an owner and/or operator of the facility; and that Roger A. Burch is the President and Registered Agent of Pacific States. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 11, and on that basis, the allegations are denied.

8. In response to paragraph 12 of part II of the complaint, Defendants deny the allegations.

9. In response to paragraph 13 of part II of the complaint, defendants admit.

## STATEMENT OF FACTS

10. In response to paragraph 14 of part III of the complaint, defendants admit.

11. In response to paragraph 15 of part III of the complaint, defendants deny the allegations.

12. In response to paragraph 16 of part III of the complaint, defendants deny the allegations.

13. In response to paragraph 17 of part III of the complaint, defendants deny the allegations.

14. In response to paragraph 18 of part III of the complaint, defendants deny the allegations.

15. In response to paragraph 19 of part III of the complaint, defendants admit the allegations.

16. In response to paragraph 20 of part III of the complaint, defendants deny the allegations.

17. In response to paragraph 21 of part III of the complaint, defendants deny the allegations.

18. In response to paragraph 22 of part III of the complaint, defendants deny the allegations.

19. In response to paragraph 23 of part III of the complaint, defendants admit the allegations.

20. In response to paragraph 24 of part III of the complaint, defendants deny the allegations.

21. In response to paragraph 25 of part III of the complaint, defendants deny the allegations.

22. In response to paragraph 26 of part III of the complaint, defendants deny the allegations.

23. In response to paragraph 27 of part III of the complaint, defendants deny

DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT

1 the allegations.

2  24. In response to paragraph 28 of part III of the complaint, defendants deny
3 the allegations.

4  25. In response to paragraph 29 of part III of the complaint, defendants deny
5 the allegations.

6  26. In response to paragraph 30 of part III of the complaint, defendants deny
7 the allegations.

8  27. In response to paragraph 31 of part III of the complaint, defendants deny
9 the allegations.

10  28. In response to paragraph 32 of part III of the complaint, defendants deny
11 the allegations.

12  29. In response to paragraph 33 of part III of the complaint, defendants deny
13 the allegations.

14  30. In response to paragraph 34 of part III of the complaint, defendants deny
15 the allegations.

16  31. In response to paragraph 35 of part III of the complaint, defendants deny
17 the allegations.

18  32. In response to paragraph 36 of part III of the complaint, defendants deny
19 the allegations.

20  33. In response to paragraph 37 of part III of the complaint, defendants deny
21 the allegations.

22  34. In response to paragraph 38 of part III of the complaint, Defendants lack
23 knowledge or information sufficient to form a belief as to the truth of the allegations contained in
24 paragraph 38, and on that basis, the allegations are denied.

25  35. In response to paragraph 39 of part III of the complaint, Defendants lack
26 knowledge or information sufficient to form a belief as to the truth of the allegations contained in
27 paragraph 39, and on that basis, the allegations are denied.

28

36. In response to paragraph 40 of part III of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and on that basis, the allegations are denied.

37. Paragraph 41 consists of partial statements and conclusions of law as to which no response is required.

## STATUTORY BACKGROUND

38. Paragraph 42 consists of partial statements and conclusions of law as to which no response is required.

39. Paragraph 43 consists of partial statements and conclusions of law as to which no response is required.

40. Paragraph 44 consists of partial statements and conclusions of law to which no response is required.

41. Defendant admits that the State Water Resources Control Board and regional water quality control boards have primary authority for issuance of the National Pollutant Discharge Elimination System (NPDES) permits in California. Any remaining allegations contained in paragraph 45 constitute partial statements and conclusions of law to which no response is required.

42. Paragraph 46 constitutes a partial statement and conclusion of law to which no response is required.

43. Paragraph 47 consists of partial statements and conclusions of law to which no response is required.

44. Paragraph 48 constitutes a partial statement and conclusion of law to which no response is required.

45. Paragraph 49 consists of partial statements and conclusions of law to which no response is required.

46. Paragraph 50 consists of partial statements and conclusions of law to which no response is required.

47. Paragraph 51 consists of partial statements and conclusions of law to

DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT

which no response is required.

48. Paragraph 52 consists of partial statements and conclusions of law to which no response is required.

49. Paragraph 53 consists of partial statements and conclusions of law to which no response is required.

50. Paragraph 54 consists of partial statements and conclusions of law to which no response is required.

51. Paragraph 55 consists of partial statements and conclusions of law to which no response is required.

52. Paragraph 56 consists of partial statements and conclusions of law to which no response is required.

53. Paragraph 57 consists of partial statements and conclusions of law to which no response is required.

54. Paragraph 58 consists of partial statements and conclusions of law to which no response is required.

55. Defendants deny each and every allegation contained in paragraph 59 on the grounds that the General Industrial Storm Water Permit speaks for itself.

56. Defendants deny each and every allegation contained in paragraph 60 on the grounds that the General Industrial Storm Water Permit speaks for itself.

57. Defendants deny each and every allegation contained in paragraph 61 on the grounds that the General Industrial Storm Water Permit speaks for itself.

58. Defendants deny each and every allegation contained in paragraph 62 on the grounds that the General Industrial Storm Water Permit speaks for itself.

59. Defendants deny each and every allegation contained in paragraph 63 on the grounds that the General Industrial Storm Water Permit speaks for itself.

60. Defendants deny each and every allegation contained in paragraph 64 on the grounds that the General Industrial Storm Water Permit speaks for itself.

61. Defendants deny each and every allegation contained in paragraph 65 on

1  the grounds that the General Industrial Storm Water Permit speaks for itself.

2     62. Defendants deny each and every allegation contained in paragraph 66 on
3  the grounds that the General Industrial Storm Water Permit speaks for itself.

4     63. Defendant denies each and every allegation contained in paragraph 67 on
5  the grounds that the Basin Plan speaks for itself.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

Discharges of Contaminated Storm Water in Violation of Permit Conditions and the Act

(Violations of 33 U.S.C. §§1311(a), 1342)

64. In response to paragraph 68 of part V of the complaint, which incorporates by reference paragraphs 1 through 67 of the complaint, defendants incorporate by reference the responses to said paragraphs as if set forth fully herein.

65. In response to paragraph 69, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

66. In response to paragraph 70, defendants deny each and every allegation.

67. In response to paragraph 71, defendants deny each and every allegation.

68. In response to paragraph 72, defendants deny each and every allegation.

69. In response to paragraph 73, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

### SECOND CAUSE OF ACTION

Failure to Develop and Implement an Adequate Storm Water Pollution Prevention Plan

(Violations of Permit Conditions and the Act, 33 U.S.C. §§1311, 1342)

70. In response to paragraph 74 of part V of the complaint, which incorporates by reference paragraphs 1 through 73 of the complaint, defendants incorporate by reference the responses to said paragraphs as if set forth fully herein.

71. In response to paragraph 75, to the extent plaintiff alleges conclusions of

**DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT**

1  law no response is required. To the extent a response may be deemed required, defendants deny
2  the allegations.

3        72.    In response to paragraph 76, to the extent plaintiff alleges conclusions of
4  law no response is required. To the extent a response may be deemed required, defendants deny
5  the allegations.

6        73.    In response to paragraph 77, to the extent plaintiff alleges conclusions of
7  law no response is required. To the extent a response may be deemed required, defendants deny
8  the allegations.

9        74.    In response to paragraph 78, to the extent plaintiff alleges conclusions of
10 law no response is required. To the extent a response may be deemed required, defendants deny
11 the allegations.

12       75.    In response to paragraph 79, to the extent plaintiff alleges conclusions of
13 law no response is required. To the extent a response may be deemed required, defendants deny
14 the allegations.

15       76.    In response to paragraph 80, to the extent plaintiff alleges conclusions of
16 law no response is required. To the extent a response may be deemed required, defendants deny
17 the allegations.

18 <center>**THIRD CAUSE OF ACTION**</center>

19 <center>Failure to Develop and Implement an Adequate Monitoring and Reporting Program</center>
20 <center>(Violations of Permit Conditions and the Act, 33 U.S.C. §§1311, 1342)</center>

21       77.    In response to paragraph 81 of part V of the complaint, which incorporates
22 by reference paragraphs 1 through 80 of the complaint, defendants incorporate by reference the
23 responses to said paragraphs as if set forth fully herein.

24       78.    In response to paragraph 82, to the extent plaintiff alleges conclusions of
25 law no response is required. To the extent a response may be deemed required, defendants deny
26 the allegations.

27       79.    In response to paragraph 83, to the extent plaintiff alleges conclusions of
28 law no response is required. To the extent a response may be deemed required, defendants deny

**DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT**

the allegations.

80. In response to paragraph 84, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

81. In response to paragraph 85, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

## FOURTH CAUSE OF ACTION

Discharges of Contaminated Storm Water and Unauthorized Non-Storm water

(Violations of Permit Conditions and the Act, 33 U.S.C. §§1311(a), 1342)

82. In response to paragraph 86 of part V of the complaint, which incorporates by reference paragraphs 1 through 85 of the complaint, defendants incorporate by reference the responses to said paragraphs as if set forth fully herein.

83. In response to paragraph 87, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

84. In response to paragraph 88, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

85. In response to paragraph 89, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

86. In response to paragraph 90, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

87. In response to paragraph 90, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

9

DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT

88. In response to paragraph 91, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

89. In response to paragraph 92, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

90. In response to paragraph 93, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

## FIFTH CAUSE OF ACTION

Failure to File Timely and Accurate Annual Reports as Required by the Permit

(Violations of Permit Conditions and the Act, 33 U.S.C. §§1311, 1342)

91. In response to paragraph 94 of part V of the complaint, which incorporates by reference paragraphs 1 through 93 of the complaint, defendants incorporate by reference the responses to said paragraphs as if set forth fully herein.

92. In response to paragraph 95, defendants deny each and every allegation.

93. In response to paragraph 96, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

94. In response to paragraph 97, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

## SIXTH CAUSE OF ACTION

Unpermitted Discharges of Pollutants to Waters of the United States in Violation

of the Clean Water Act

(Violations of Permit Conditions and the Act, 33 U.S.C. §§1311, 1342)

95. In response to paragraph 98 of part V of the complaint, which incorporates by reference paragraphs 1 through 97 of the complaint, defendants incorporate by reference the

DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT

responses to said paragraphs as if set forth fully herein.

96. In response to paragraph 99, defendants deny each and every allegation.

97. In response to paragraph 100, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

98. In response to paragraph 101, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

99. In response to paragraph 102, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

100. In response to paragraph 103, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

101. In response to paragraph 104, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

102. In response to paragraph 105, to the extent plaintiff alleges conclusions of law no response is required. To the extent a response may be deemed required, defendants deny the allegations.

## RELIEF REQUESTED

Defendants deny that plaintiff is entitled to the relief requested, or any other relief, on the causes of action asserted, and specifically denies each and every and all of the allegations in claims set forth in the prayer of the complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendants allege that the complaint and each cause of action therein fails to state a claim against defendants upon which relief can be granted.

**DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT**

## SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff, and each of its members, lack capacity to sue or the requisite standing to bring this claim as required by Article III of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to establish jurisdiction as Plaintiff fails to allege continuing violations of the Clean Water Act. No injunctive relief, civil penalties, or any relief whatsoever may be assessed or imposed unless art alleged violation is continuing at the time of the commencement of the action and at the time of trial. As of the time of commencement of this action, there were no continuing violations of the Clean Water Act Any alleged violation of the Clean Water Act or the General Permit are wholly past violations and are therefore not actionable.

## FOURTH AFFIRMATIVE DEFENSE

The Notice of Intent to Sue alleged in Plaintiff's Complaint is defective as the purported Notice failed to sufficiently identify purported violations of the Clean Water Act and to otherwise provide adequate notice as required by the Clean Water Act and the regulations of the U.S. Environmental Protection Agency found at 40 C.F.R. Part 135.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each cause of action therein is barred in whole or in part because Plaintiff's claims are moot. Any and all alleged discharges by Defendants presently comply with all applicable laws and regulations, and there is no reasonable likelihood that future violation of such laws and regulations will occur.

## SIXTH AFFIRMATIVE DEFENSE

Defendants have not violated any of the statutory provisions cited in Plaintiff's Complaint. At all times, Defendants complied with all statutory and regulatory requirements concerning the activities which are the subject of Plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

The discharges referred to in Plaintiff's Complaint, if any there are, were caused

by acts or omissions of entities or persons other than Defendants and over whom Defendants had no control.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants, at all relevant times relative to the matters which form the subject of Plaintiff's Complaint, acted in reliance upon the directions given it by the pertinent government regulators.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each cause of action therein is barred in whole or in part by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each cause of action therein is barred in whole or in part by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that negligent acts and statutory violations by persons other than defendants contributed to any alleged damages, and therefore plaintiff's recovery from defendants, if any, should be reduced on the basis of comparative fault.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants allege that the injuries and damages complained of by plaintiff, if any, were solely caused by the unlawful conduct or wilful act of plaintiff and/or others, and that by virtue of same plaintiff is barred from recovery herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants owed no duty of care to plaintiff at all times relevant to this lawsuit. Defendants complied with all applicable laws and regulations and has acted in a careful, reasonable, and prudent manner.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any prospective recovery herein is barred by the equitable doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any prospective recovery herein is barred by the equitable doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

At all times herein, plaintiff has failed to mitigate, reduce or otherwise avoid the alleged damages, if any, thus barring any recovery herein.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The damages plaintiff claims to have sustained, if any, are in whole or in part, the proximate result of the acts or omissions of persons or entities other than defendants or any other person for whose acts or omissions defendant is responsible.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

If plaintiff is found to be entitled to recover costs or damages against defendants, which entitlement defendants deny, such recovery must be reduced by any and all amounts previously or otherwise obtained by plaintiff whether by direct payment, offset or otherwise for the alleged damages, if any.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any prospective recovery is barred by virtue of the fact that the alleged damages, if any, were not reasonably contemplated or foreseen by the parties.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs Complaint and each cause of action therein is barred by the doctrine of waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to join necessary and indispensable parties needed for a just adjudication of the claims raised in this proceeding.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

If applicable herein, recovery of penalties is invalid on its face or as applied to defendant under the Constitution of the State of California and the Constitution of the United

DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT

States, including, but not limited to, Article I, Section 10 and the First, Fifth, Sixth and Fourteenth Amendments thereto.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's prosecution of this Complaint against defendant is a selective prosecution in violation of the United States and California Constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants will rely upon all additional affirmative defenses that become available as a result of information developed through discovery or at trial.

**WHEREFORE**, defendant prays for judgment as follows:

(a) That plaintiff take nothing whatsoever by reason of the complaint or any claims stated therein;

(b) That the complaint and any and all claims therein against defendants be dismissed with prejudice;

(c) That if these answering defendants are found liable, that the degree of the responsibility and liability for the resulting damages and that these answering defendants be held liable only for that portion of the total damages in proportion to its liability for the same, if any;

(d) Defendants recover their costs and reasonable attorneys' fees in this proceeding pursuant to 33 U.S.C. § 1365(d) and such other statutes which may apply; and

(e) The court grant such other and further relief as it may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, defendants demand that this action be tried by a jury.

STANZLER FUNDERBURK & CASTELLON LLP

By: _____
Ruben A. Castellon, Esq.
Attorneys for Defendants

15
**DEFENDANTS PACIFIC STATES AND NORTH CLOVERDALE ANSWER TO COMPLAINT**