

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-177-02487:BMCL:rcd

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 4390*  *Facsimile (202) 514-4231*
*Washington, DC  20044-4390*

July 18, 2008

Richard W. Wieking, Clerk
U.S. District Court
Northern District of California, San Francisco
16-1111 U.S. Courthouse
450 Golden Gate Ave.
San Francisco, CA  94102
Phone:  (415) 522-2000

    Re:    Russian Riverkeeper v. Pacific States Industries, Inc.,
             United States District Court for the Northern District of California
             (San Francisco), Civil No. 3:07-CV-5393.

Dear Mr. Wieking:

       On June 27, 2008, the United States Department of Justice's citizen suit coordinator received a copy of a proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act ("CWA"), 33 U.S.C. § 1365(c)(3).  This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

See also 40 C.F.R, § 135.5 (service on citizen suit coordinator under CWA).  A settlement that does not undergo this federal review period is at risk of being void.

       The United States is currently reviewing the proposed consent judgment.  Meanwhile, the United States affirms for the record that, it is not bound by this settlement.  See, e.g., Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party).

If a final consent judgment is entered in this case, the United States respectfully requests that the undersigned, and Ms. Saundra Doyle (address below), be served with a signed copy.

> Ms. Saundra Doyle
> Debt Collection Specialist
> Environment & Natural Resources Division
> Executive Office
> P.O. Box 7754
> Washington, D.C. 20044-7754

If the United States has additional comments, they will be provided to the Court and counsel of record by August 11, 2008.[1]

The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide the United States with a copy of the proposed modifications, forty-five days before the court enters any such modifications. See 33 U.S.C. § 1365(c)(3).

Please contact the undersigned at (202) 305-0544 if you have any questions.

> Sincerely,
>
> _s/ Bradford McLane_
> Bradford T. McLane, Attorney
> U.S. Department of Justice
> Environment and Natural Resources Division
> Law and Policy Section
> P.O. Box 4390
> Washington, D.C. 20044-4390

cc:   Counsel of Record via CM/ECF System:
    Andrew L. Packard, Plaintiff's Counsel
    Michael P. Lynes, Plaintiff's Counsel
    Layne Friedrich, Plaintiff's Counsel
    Michael J. Chappell, Plaintiff's Counsel
    Ruben A. Castellon, Defendant's Counsel

---

[1] This date assumes that the Administrator of the Environmental Protection Agency received a copy of the proposed consent judgment on or before the date it was received by the Department of Justice. If the EPA received its copy later than the Department of Justice (which would extend the date for comments), the United States will inform the Court and the parties.